1                  UNITED STATES DISTRICT COURT
                  SOUTHERN DISTRICT OF CALIFORNIA

2

3  UNITED STATES OF AMERICA,     )  CASE NO. 08CR3367-MJL
                          )
4              PLAINTIFF,     )
                          )
5         -V-           )
                          )  SAN DIEGO, CALIFORNIA
6  TINA KAFKA,             )  JANUARY 12, 2009
                          )  3:35 P.M.
7             DEFENDANT.     )
   ━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━)
8

9

10

11            BEFORE THE HONORABLE M. JAMES LORENZ
              UNITED STATES DISTRICT JUDGE

12

13

14  APPEARANCES:
  FOR THE GOVERNMENT:  LAURA E. DUFFY, UNITED STATES ATTORNEY
15                    BY:  NICOLE JONES, ESQ.
                    ASSISTANT U.S. ATTORNEY
16                    880 FRONT STREET
                    SAN DIEGO, CALIFORNIA 92101
17
  FOR THE DEFENDANT:   LABELLA AND MCNAMARA
18                    BY:  CHARLES G. LABELLA, ESQ.
                    401 WEST A STREET, SUITE 1150
19                    SAN DIEGO, CALIFORNIA 92101

20                    BALLARD SPAHR LLP
                    BY: CHRYSTA ELLIOTT, ESQ.
21                    655 WEST BROADWAY, SUITE 1600
                    SAN DIEGO, CALIFORNIA 92101
22
  OFFICIAL REPORTER:   JEANNETTE N. HILL, C.S.R.
23                    U.S. COURTHOUSE,
                    333 WEST BROADWAY, RM 420
24                    SAN DIEGO, CALIFORNIA 92101
                    (619) 702-3905
25
  REPORTED BY STENOTYPE, TRANSCRIPT PRODUCED BY COMPUTER

                      JANUARY 12, 2009

1    <u>**SAN DIEGO, CALIFORNIA; MONDAY, JANUARY 12, 2009; 3:35 P.M.**</u>

2    **DEPUTY CLERK:** CALLING MATTER NUMBER 16, 08CR3367,

3    UNITED STATES OF AMERICA VERSUS TINA KAFKA, ON CALENDAR FOR

4    MOTION HEARING AND TRIAL SETTING

5    **MS. JONES:** GOOD AFTERNOON, YOUR HONOR. NICOLE JONES

6    FOR THE UNITED STATES.

7    **THE COURT:** GOOD AFTERNOON, MS. JONES.

8    **MR. LABELLA:** GOOD AFTERNOON, YOUR HONOR. CHARLES

9    LABELLA AND CHRYSTA ELLIOTT FOR MS. KAFKA, WHO IS PRESENT IN

10   COURT TODAY.

11   **THE COURT:** ALL RIGHT. VERY GOOD.

12   THIS IS A PLEA AND IMMEDIATE SENTENCE, CORRECT?

13   **MR. LABELLA:** YES, YOUR HONOR.

14   **MS. JONES:** I HAVE A SUPERSEDING INFORMATION.

15   (PAUSE)

16   **DEPUTY CLERK:** TINA KAFKA, IS THAT YOUR TRUE NAME?

17   **THE DEFENDANT:** YES.

18   **DEPUTY CLERK:** YOU ARE ADVISED THAT YOU HAVE THE

19   RIGHT TO HAVE THESE CHARGES PRESENTED TO THE GRAND JURY FOR

20   INDICTMENT, OR YOU MAY WAIVE INDICTMENT AND ALLOW THE UNITED

21   STATES ATTORNEY TO FILE THE CHARGES BY WAY OF INFORMATION.

22   DO YOU DESIRE TO WAIVE INDICTMENT AND IS THIS YOUR

23   SIGNATURE ON THE WAIVER OF INDICTMENT FORM?

24   **THE DEFENDANT:** YES, IT IS.

25   **THE COURT:** YOU ARE HEREBY INFORMED THAT A

SUPERCEDING INFORMATION HAS BEEN FILED, CHARGING YOU WITH

UNLAWFUL ACCESS TO STORED COMMUNICATIONS.

COUNSEL, HAVE YOU RECEIVED A COPY OF THE SUPERCEDING

INFORMATION AND DO YOU WAIVE FURTHER READING?

**MR. LABELLA:**  WE HAVE AND WE WAIVE THE READING.  AND

I DISCUSSED IT WITH MY CLIENT, YOUR HONOR.

**THE COURT:**  OKAY.

**DEPUTY CLERK:**  MS. KAFKA, YOU ARE FURTHER INFORMED

THAT YOU HAVE THE RIGHT TO BE REPRESENTED BY COUNSEL AT ALL

PROCEEDINGS BEFORE THE COURT.  YOU HAVE THE RIGHT TO REMAIN

SILENT.  YOU HAVE THE RIGHT TO A TRIAL BY JURY.  YOU HAVE THE

RIGHT TO CONFRONT AND CROSS-EXAMINE ANY WITNESSES WHO TESTIFY

AGAINST YOU.  AND YOU HAVE THE RIGHT TO HAVE WITNESSES

SUBPOENAED TO TESTIFY ON YOUR BEHALF.

HOW DO YOU NOW PLEAD TO THE ONE-COUNT SUPERCEDING

INFORMATION?

**THE DEFENDANT:**  GUILTY.

**DEPUTY CLERK:**  THANK YOU.

CAN YOU PLEASE RAISE YOUR RIGHT HAND?

DO YOU SOLEMNLY SWEAR THAT THE EVIDENCE YOU SHALL

GIVE IN THE CAUSE NOW BEFORE THE COURT SHALL BE THE TRUTH, THE

WHOLE TRUTH, AND NOTHING BUT THE TRUTH?

**THE DEFENDANT:**  YES, I DO.

**DEPUTY CLERK:**  THANK YOU.  NOW LOWER YOUR HAND.

**THE COURT:**  ALL RIGHT.  MS. KAFKA, YOU HAVE BEEN

1  PLACED UNDER OATH, SWORN TO TELL THE TRUTH.  IF YOU MAKE FALSE

2  STATEMENTS, THESE STATEMENTS CAN LATER BE USED AGAINST YOU.

3  DO YOU UNDERSTAND THAT?

4  **THE DEFENDANT:**  YES, I DO, YOUR HONOR.

5  **THE COURT:**  ALL RIGHT.  NOW, YOU HAVE A RIGHT TO

6  PERSIST IN YOUR PLEA OF GUILTY.  IF THE COURT ACCEPTS YOUR PLEA

7  OF GUILTY, YOU HAVE WAIVED THE RIGHT TO A TRIAL AND THE RIGHT

8  TO APPEAL FROM AN ADVERSE JUDGMENT.

9  DO YOU UNDERSTAND THAT?

10  **THE DEFENDANT:**  YES, I DO.

11  **THE COURT:**  NOW, YOU HAVE THE FOLLOWING

12  CONSTITUTIONAL RIGHTS:  YOU HAVE THE RIGHT TO A SPEEDY AND A

13  PUBLIC TRIAL; YOU HAVE THE RIGHT TO A TRIAL BY JURY; YOU HAVE

14  THE RIGHT TO HAVE AN ATTORNEY AT ALL STAGES OF THE PROCEEDINGS,

15  INCLUDING APPOINTED COUNSEL AT NO COST TO YOURSELF IF YOU

16  CANNOT AFFORD COUNSEL; YOU HAVE THE PRIVILEGE AGAINST

17  SELF-INCRIMINATION -- THAT IS, TO REMAIN SILENT AND NOT

18  INCRIMINATE YOURSELF; YOU HAVE THE RIGHT TO BE CONFRONTED BY

19  AND CROSS-EXAMINE ALL WITNESSES WHO ACCUSE YOU IN THIS MATTER;

20  AND YOU HAVE THE RIGHT TO USE THE COURT'S PROCESS TO SUBPOENA

21  WITNESSES TO TESTIFY ON YOUR BEHALF.

22  DO YOU UNDERSTAND YOU HAVE ALL OF THESE RIGHTS?

23  **THE DEFENDANT:**  YES, I DO, YOUR HONOR.

24  **THE COURT:**  MY UNDERSTANDING IS YOU WANT TO GIVE UP

25  THESE RIGHTS AND PLEAD GUILTY TO A VIOLATION OF UNLAWFUL ACCESS

1  TO STORED COMMUNICATIONS; IS THAT CORRECT?

2  **THE DEFENDANT:** YES.

3  **THE COURT:** ALL RIGHT. NOW, THE MAXIMUM PENALTY FOR

4  THIS VIOLATION CARRIES A MAXIMUM OF ONE-YEAR IMPRISONMENT, A

5  MAXIMUM $100 FINE, A MANDATORY $25 SPECIAL ASSESSMENT, AND THE

6  COURT CAN ORDER ONE YEAR OF SUPERVISED RELEASE OR A TERM OF

7  PROBATION OF NOT MORE THAN FIVE YEARS.

8  DO YOU UNDERSTAND THAT IS THE MAXIMUM YOU CAN

9  RECEIVE?

10  **THE DEFENDANT:** YES, I DO.

11  **THE COURT:** ALL RIGHT. NOW, IF YOU WERE TO GO TO

12  TRIAL, THE GOVERNMENT HAS THE BURDEN OF PROVING ALL OF THE

13  ELEMENTS OF THE VIOLATION BEYOND A REASONABLE DOUBT.

14  THE GOVERNMENT WOULD HAVE TO PROVE THAT YOU

15  INTENTIONALLY ACCESSED WITHOUT OR IN EXCESS OF AUTHORIZATION A

16  FACILITY THAT PROVIDED AN ELECTRONIC COMMUNICATION SERVICE AND

17  THEREBY OBTAINED ACCESS TO A COMMUNICATION IN ELECTRONIC

18  STORAGE.

19  DO YOU UNDERSTAND THOSE ARE THE ELEMENTS THAT THE

20  GOVERNMENT WOULD HAVE TO PROVE IF YOU WERE TO GO TO TRIAL?

21  **THE DEFENDANT:** YES, I DO, YOUR HONOR.

22  **THE COURT:** ALL RIGHT. NOW, YOU'VE ENTERED INTO A

23  PLEA AGREEMENT NEGOTIATED BY YOUR COUNSEL AND AGREED TO BY

24  YOURSELF. I FIND THAT IT COMPLIES WITH SECTION 6B1.2 OF THE

25  GUIDELINES.

JANUARY 12, 2009

1          NOW, I ASSUME YOU HAVE READ THE PLEA AGREEMENT?

2          **THE DEFENDANT:**  YES, I HAVE.

3          **THE COURT:**  YOU HAVE GONE OVER THE AGREEMENT WITH

4    YOUR COUNSEL, PARAGRAPH BY PARAGRAPH?

5          **THE DEFENDANT:**  YES, I HAVE.

6          **THE COURT:**  DO YOU FEEL YOU UNDERSTAND THE AGREEMENT?

7          **THE DEFENDANT:**  YES.

8          **THE COURT:**  DO YOU HAVE ANY QUESTIONS AT THIS TIME

9    ABOUT THE AGREEMENT?

10          **THE DEFENDANT:**  NO, I DON'T, YOUR HONOR.

11          **THE COURT:**  OKAY.  NOW, YOU HAVE INITIALED EACH PAGE

12    OF THE AGREEMENT AND YOU HAVE SIGNED AT THE END.  THIS DOES

13    INDICATE TO THE COURT THAT YOU HAVE GONE OVER EACH AND EVERY

14    PAGE OF THE AGREEMENT WITH YOUR COUNSEL, AND THAT YOU

15    UNDERSTAND THE TERMS AND CONDITIONS OF THE AGREEMENT.

16          NOW, YOU UNDERSTAND THE COURT IS NOT BOUND BY THE

17    AGREEMENT?

18          **THE DEFENDANT:**  YES, I DO.

19          **THE COURT:**  YOU ALSO UNDERSTAND THAT IF I DO

20    PRONOUNCE SENTENCE IN ACCORDANCE WITH THE TERMS OF THE

21    AGREEMENT, THEN YOU HAVE WAIVED YOUR RIGHT TO APPEAL THE

22    SENTENCE OR AT A LATER DATE TO COLLATERALLY ATTACK THE

23    SENTENCE?

24          **THE DEFENDANT:**  YES, I DO, YOUR HONOR.

25          **THE COURT:**  YOU ALSO UNDERSTAND THAT IF I DON'T

1  FOLLOW THE TERMS OF THE AGREEMENT, YOU HAVE NO RIGHT TO

2  WITHDRAW YOUR PLEA OF GUILTY?

3          **THE DEFENDANT:**  YES, I UNDERSTAND THAT.

4          **THE COURT:**  ALL RIGHT.  NOW, THE COURT WILL IMPOSE A

5  SENTENCE BASED ON THE FACTORS SET FORTH IN 18 UNITED STATES

6  CODE 3553(A).  HOWEVER, IN IMPOSING THIS SENTENCE, THE COURT

7  WILL CONSULT THE UNITED STATES SENTENCING GUIDELINES AND TAKE

8  THEM INTO ACCOUNT IN DECIDING YOUR SENTENCE.

9          HAVE YOU DISCUSSED THE SENTENCING FACTORS AND

10 GUIDELINES WITH YOUR COUNSEL?

11         **THE DEFENDANT:**  YES, I HAVE.

12         **THE COURT:**  YOU UNDERSTAND THE GUIDELINES ARE ONLY

13 ADVISORY AND NOT MANDATORY?

14         **THE DEFENDANT:**  YES, I DO, YOUR HONOR.

15         **THE COURT:**  YOU UNDERSTAND THE COURT MAY IMPOSE A

16 SENTENCE MORE SEVERE OR LESS SEVERE THAN THE SENTENCE CALLED

17 FOR IN THE GUIDELINES?

18         **THE DEFENDANT:**  YES, I DO.

19         **THE COURT:**  NOW, IN MOST CASES THE COURT IS NOT ABLE

20 TO DETERMINE THE APPROPRIATE SENTENCE FOR YOUR CASE UNTIL AFTER

21 THE PROBATION DEPARTMENT PREPARES A PRESENTENCE REPORT AND YOU

22 AND THE GOVERNMENT HAVE HAD AN OPPORTUNITY TO CHALLENGE THE

23 FACTS AND RECOMMENDATIONS CONTAINED IN THAT REPORT.

24         YOU UNDERSTAND THAT YOU DO HAVE A RIGHT TO A

25 PRESENTENCE REPORT?

1          **THE DEFENDANT:** YES, I DO.

2          **THE COURT:** MY UNDERSTANDING IS YOU WOULD LIKE TO

3     HAVE AN IMMEDIATE SENTENCE TODAY?

4          **THE DEFENDANT:** YES, YOUR HONOR.

5          **THE COURT:** ALL RIGHT. IF THAT IS THE CIRCUMSTANCES,

6     THEN YOU WILL HAVE TO VERBALLY GIVE UP AND WAIVE YOUR RIGHT TO

7     A PRESENTENCE REPORT THAT YOU HAVE A RIGHT TO.

8          **THE DEFENDANT:** YES, I DO.

9          **THE COURT:** OKAY. ARE YOU SATISFIED WITH THE

10    SERVICES OF YOUR COUNSEL?

11         **THE DEFENDANT:** YES. VERY.

12         **THE COURT:** ARE YOU ENTERING THIS PLEA OF GUILTY OF

13    YOUR OWN FREE WILL?

14         **THE DEFENDANT:** YES, I AM.

15         **THE COURT:** HAS ANYONE MADE ANY THREATS OF FORCE

16    AGAINST YOU OR ANY MEMBER OF YOUR FAMILY, THAT IS CAUSING YOU

17    TO ENTER THIS PLEA?

18         **THE DEFENDANT:** NO, YOUR HONOR.

19         **THE COURT:** HAS ANYONE MADE YOU ANY PROMISES OR

20    OFFERED ANY REWARDS IN RETURN FOR THIS GUILTY PLEA, OTHER THAN

21    THE PROMISES IN THE PLEA AGREEMENT?

22         **THE DEFENDANT:** NO, YOUR HONOR.

23         **THE COURT:** SO YOU'RE PLEADING GUILTY BECAUSE IN

24    TRUTH AND IN FACT YOU ARE GUILTY AS CHARGED?

25         **THE DEFENDANT:** YES, YOUR HONOR.

JANUARY 12, 2009

1          **THE COURT:** OKAY. ALL RIGHT.

2          MR. LABELLA, COULD YOU PROVIDE A FACTUAL BASIS?

3          **MR. LABELLA:** YES, YOUR HONOR. MS. KAFKA ACCESSED

4   EMAIL ACCOUNTS -- PASSWORD-PROTECTED EMAIL ACCOUNTS FOR A

5   PERIOD OF TIME. SHE WAS UNAUTHORIZED TO DO SO. SHE, BY DOING

6   THAT, HAD ACCESS TO OPENED AND UNOPENED EMAILS. SHE LOOKED AT

7   THEM. THAT IS A VIOLATION OF THE STATUTE. AND THAT IS WHAT

8   SHE DID, YOUR HONOR.

9          **THE COURT:** ALL RIGHT. MS. KAFKA, DID YOU HEAR

10  EVERYTHING YOUR COUNSEL JUST STATED?

11         **THE DEFENDANT:** YES, I DID.

12         **THE COURT:** DID YOU DO THAT?

13         **THE DEFENDANT:** YES, I DID.

14         **THE COURT:** ALL RIGHT. IS THE GOVERNMENT SATISFIED?

15         **MS. JONES:** YES, YOUR HONOR

16         **THE COURT:** ALL RIGHT. THE COURT FINDS THAT

17  MS. KAFKA HAS ENTERED HER PLEA OF GUILTY FREELY AND

18  VOLUNTARILY; THAT SHE UNDERSTANDS THE ELEMENTS OF THE CRIME AND

19  THE MAXIMUM PENALTY; UNDERSTANDS THE TERMS AND CONDITIONS OF

20  THE PLEA AGREEMENT; AND THERE IS A FACTUAL BASIS FOR THE PLEA.

21         I HAVE BEEN PROVIDED WITH THE PLEA AGREEMENT AND THE

22  INFORMATION THAT HAS BEEN SUBMITTED. I BELIEVE I HAVE

23  SUFFICIENT INFORMATION UNDER 3553(A) TO SENTENCE THE DEFENDANT

24  WITHOUT A PRESENTENCE REPORT; THEREFORE, I WILL ACCEPT THE

25  WAIVER OF THE PRESENTENCE REPORT AND WE'LL HAVE AN IMMEDIATE

1   SENTENCE.

2           WITH THAT, MR. LABELLA, WHAT DO YOU HAVE TO SAY ON

3   BEHALF OF MS. KAFKA?

4           **MR. LABELLA:**  YOUR HONOR, WE SUBMITTED TO YOUR HONOR

5   A BRIEF SENTENCING MEMO.  I WANT TO SAY, FROM THE OUTSET, THAT

6   I APPRECIATE MS. JONES' PROFESSIONALISM THROUGHOUT THIS.  SHE

7   GAVE US THE OPPORTUNITY TO MAKE A PRESENTATION TO THE U.S.

8   ATTORNEY'S OFFICE.  SHE LISTENED.  AND SHE AND THE OFFICE, I

9   THINK, REACTED APPROPRIATELY.

10          WE ARE HERE FOR SENTENCING ON A MISDEMEANOR PLEA.

11  MS. KAFKA SPENT THREE TO FOUR DAYS IN CUSTODY WHEN SHE WAS

12  INITIALLY ARRESTED ON THESE CHARGES THAT WERE CHARGED IN AN

13  INDICTMENT.  AND BASED ON ALL THE FACTS AND CIRCUMSTANCES THAT

14  WE APPRISED YOUR HONOR OF IN OUR SEALED SUBMISSION, I THINK

15  THAT THE APPROPRIATE SENTENCE IS ONE OF PROBATION.

16          AND THE ONLY SLIGHT DISAGREEMENT WE HAVE WITH THE

17  GOVERNMENT IS THE EXTENT OF THE PROBATIONARY PERIOD.  AND WE

18  HAVE ASKED FOR ONE YEAR; THE GOVERNMENT HAS ASKED FOR TWO

19  YEARS.

20          THAT ASIDE, YOUR HONOR, I BELIEVE THAT UNDER ALL THE

21  CIRCUMSTANCES A PROBATIONARY PERIOD SHOULD BE THE SENTENCE

22  IMPOSED.  NO FINE IMPOSED, BASED ON FINANCIAL SITUATION AND THE

23  NATURE OF THE OFFENSE, AND WE WOULD ASK THE COURT TO DO THAT.

24          **THE COURT:**  ALL RIGHT.

25          MS. KAFKA, ANYTHING YOU WOULD LIKE TO TELL THE COURT?

1    **THE DEFENDANT:** I WOULD JUST LIKE TO SAY THAT I WAS

2    IN A VERY TERRIBLE TIME OF MY LIFE. AND I DID THIS, WHICH WAS

3    ILLEGAL AND STUPID, AND I AM TERRIBLY SORRY.

4    **THE COURT:** OKAY. THE GOVERNMENT?

5    **MS. JONES:** THANK YOU, YOUR HONOR. THE GOVERNMENT

6    ALSO FILED A SENTENCING MEMORANDUM AND AGREES WITH WHAT HAS

7    ALSO BEEN SAID BY DEFENSE COUNSEL. THE ONLY DIFFERENCE IS THE

8    LENGTH OF PROBATION. FOR THE REASONS SET FORTH IN THE MEMO,

9    THE GOVERNMENT BELIEVES THAT TWO YEARS IS APPROPRIATE UNDER

10   THIS CASE, GIVEN THE CHARGE BARGAINED DOWN TO THE MISDEMEANOR,

11   AND ALSO TO ASSIST MS. KAFKA IN GETTING HER LIFE BACK ON TRACK.

12   THE GOVERNMENT BELIEVES THAT THE TWO YEARS, WITH THE THREE

13   CONDITIONS LAID OUT IN THE SENTENCING MEMO, IS APPROPRIATE.

14   **THE COURT:** ALL RIGHT. WELL, I HAVE REVIEWED THE

15   SENTENCING MEMO AND LOOKED AT THE FACTS THAT HAVE BEEN PROVIDED

16   AND I AM PREPARED TO RULE.

17        FIRST, UNDER THE ADVISORY GUIDELINES, THE BASE

18   OFFENSE LEVEL IS SIX. IT WOULD BE INCREASED TO A PLUS TWO

19   UNDER 2B1.1B1B; AND, THEREFORE, IT WOULD BE A LEVEL EIGHT.

20        SHE ACCEPTED RESPONSIBILITY, SO IT WOULD BE A MINUS

21   TWO; THEREFORE, THE RESULTING LEVEL IS SIX.

22        SHE IS IN A CATEGORY ONE WITH NO PRIOR RECORD. THAT

23   WOULD MAKE IT A ZERO-TO-SIX-MONTH GUIDELINE SENTENCE. THE

24   GOVERNMENT RECOMMENDS TWO YEARS' PROBATION, AND THE DEFENSE

25   RECOMMENDS ONE YEAR. I AM GOING TO SENTENCE HER, AS

1  RECOMMENDED, TO PROBATION.  I DON'T BELIEVE, BASED ON THE

2  INFORMATION PROVIDED TO ME, THAT MS. KAFKA IS GOING TO BE A

3  RECIDIVIST.  I DON'T BELIEVE THAT SHE IS GOING TO DO IT AGAIN.

4       CUSTODY I DON'T THINK WOULD SERVE ANY PURPOSE.  I

5  THINK IT'S TRYING TO GET HER LIFE BACK IN ORDER.

6       HOWEVER, MR. LABELLA, YOU DID GET AN INCREDIBLE DEAL

7  HERE.  IT DIDN'T START OUT THAT WAY.  YOU WERE ABLE TO

8  NEGOTIATE SUBSTANTIALLY, I WOULD SAY, A FANTASTIC DEAL SO THAT

9  I AM GOING TO FOLLOW THE GOVERNMENT'S RECOMMENDATION OF TWO

10  YEARS' PROBATION.  I THINK THAT THAT IS THE ONLY SAFEGUARD OR

11  POTENTIAL SAFEGUARD SHOULD THERE BE ANY PROBLEM.  AND SO I AM

12  GOING TO SENTENCE HER TO, AS I SAY, PROBATION FOR TWO YEARS.

13       NOW, AS FAR AS THE CONDITIONS OF PROBATION, THERE IS

14  THREE THAT HAVE BEEN SET OUT.  ARE THEY JOINTLY RECOMMENDED OR

15  IS THAT JUST THE GOVERNMENT'S?

16       **MS. JONES:**  THEY ARE JOINTLY RECOMMENDED, YOUR HONOR.

17       **MR. LABELLA:**  YES, YOUR HONOR.

18       **THE COURT:**  ALL RIGHT.  YOU WILL UNDERGO AVAILABLE

19  MEDICAL, PSYCHIATRIC, OR PSYCHOLOGICAL TREATMENT AS SPECIFIED

20  BY THE COURT.  I WILL FOLLOW THE RECOMMENDATION THAT YOU

21  CONTINUE TO SEEK COUNSELING FROM SCOTT BOLES.  HE IS A PHD AT

22  8950 VILLA LA JOLLA DRIVE, SUITE A220, LA JOLLA, 92037.

23       APPARENTLY, YOU ARE NOW SEEING HIM TWO TIMES PER

24  WEEK.  I WILL LEAVE IT UP TO DR. BOLES AS TO THE TIME FRAME

25  THAT IS NECESSARY, BUT YOU WILL SEE HIM FOR A MINIMUM OF ONE

YEAR AND LONGER.  UP TO TWO YEARS IF HE FEELS IT'S NECESSARY.

YOU ARE NOT TO GO ONTO THE EXPLORER ELEMENTARY SCHOOL PREMISES AT 2230 TRUXTUN ROAD, SAN DIEGO.

YOU ARE TO, THREE, REFRAIN FROM CONTACTING JOE GREEN, THE EXPLORER EMPLOYEE.

YOU WILL HAVE A FINE OF $25.

AND YOU'RE NOT TO ACCESS THE EXPLORER ELEMENTARY SCHOOL COMPUTER.

AND YOU DON'T SEEM TO HAVE A CONTROL SUBSTANCE PROBLEM, SO I WILL FOLLOW THE RECOMMENDATION AND WAIVE THE MANDATORY DRUG TESTING UNDER 3563(A)(5), AS THERE IS NO APPARENT HISTORY OF DRUG USE.

I WILL ASSESS THE $25 FINE, BUT I WILL ASSESS NO OTHER PENALTY.  SO I THINK THAT IS IT.

**MR. LABELLA:**  YOUR HONOR, WE WOULD ASK THAT THE INDICTMENT BE DISMISSED.  AND THAT IF THERE IS -- AND I AM NOT SURE, AND I APOLOGIZE -- BUT IF THERE IS ANY TRAVEL RESTRICTIONS IN THE STANDARD PROBATION --

**THE COURT:**  I DON'T SEE ANY NEED FOR TRAVEL RESTRICTIONS IN A CASE SUCH AS THIS.  SHE DOESN'T HAVE A CONTROLLED SUBSTANCE PROBLEM.  AND AS LONG AS SHE ABIDES BY THE CONDITIONS NOT TO DO WHAT WE HAVE INDICATED, I DON'T SEE ANY PROBLEM WITH HER TRAVELING.

**MR. LABELLA:**  AND THEN WE'D MOVE TO DISMISS THE UNDERLYING INDICTMENT, YOUR HONOR.

JANUARY 12, 2009

1      **MS. JONES:**  THE GOVERNMENT MOVES TO DISMISS THE

2  UNDERLYING INDICTMENT, YOUR HONOR.

3          **THE COURT:**  ALL RIGHT.  THAT WILL BE GRANTED.  VERY

4  GOOD.

5          GOOD LUCK, MS. KAFKA.

6          **THE DEFENDANT:**  THANK YOU VERY MUCH, YOUR HONOR.

7          **MR. LABELLA:**  THANK YOU, YOUR HONOR.

8  (PROCEEDINGS CONCLUDED AT 3:51 P.M.)

9                              CERTIFICATION

10         I HEREBY CERTIFY THAT I AM A DULY APPOINTED,
   QUALIFIED AND ACTING OFFICIAL COURT REPORTER FOR THE UNITED
11 STATES DISTRICT COURT; THAT THE FOREGOING IS A TRUE AND CORRECT
   TRANSCRIPT OF THE PROCEEDINGS HAD IN THE AFOREMENTIONED CAUSE
12 ON JANUARY 12, 2009; THAT SAID TRANSCRIPT IS A TRUE AND CORRECT
   TRANSCRIPTION OF MY STENOGRAPHIC NOTES; AND THAT THE FORMAT
13 USED HEREIN COMPLIES WITH THE RULES AND REQUIREMENTS OF THE
   UNITED STATES JUDICIAL CONFERENCE.

14

15 DATED:   JUNE 2, 2015; AT SAN DIEGO, CALIFORNIA.

16         S/N_____

17         JEANNETTE N. HILL, OFFICIAL REPORTER, CSR NO. 11148

18

19

20

21

22

23

24

25

                        JANUARY 12, 2009